The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Oyez! Oyez! Oyez! All persons having any manner of open business before the Honorable United States Court of Appeals for the Fourth Circuit are to honestly draw nods and give their attention for the Court is now sitting. God save the United States and the Honorable Court. Good morning. Please be seated. We are ready for argument in our first case, United States v. Kiza. Ms. Warner. May it please the Court, I'm Melissa Warner and I represent the appellant, Marcel Kiza. With the Court's permission, I would like to reserve five minutes of my time for rebuttal. Of course. In March of 2016, a jury convicted Marcel Kiza of theft of government property in violation of 18 U.S.C. Section 641C, specifically taking money from the Social Security Administration by making a false claim for children's survivor benefits. That conviction cannot stand because the government did not bear its burden of proving each element of the crime beyond a reasonable doubt. First, the government failed to prove that the money or property described in the indictment, Social Security Children's Insurance Benefits, belongs to the U.S. government and is a thing of value of the U.S. government within the meaning of the statute. The District Court held as a matter of law that those benefits were a thing of value of the U.S. government. This is an issue of first impression for the Court. Neither counsel below nor counsel on appeal have found any controlling law on whether children's insurance benefits of the Social Security Administration are funds of the U.S. government within the meaning of the statute. But aren't Social Security trust funds funded from appropriations from the general revenues of the Treasury? How can they not be government property? Straight to the heart of the matter, Your Honor. I think it is the nature of the Social Security Administration that makes a difference in whether these benefits and funds are, in fact, government property or not, because the funds of the Social Security Administration are held exclusively in trust. The money goes into the U.S. government via payroll checks and that money is then deposited into the trust that was created in 1939 to hold all the funds of the Social Security Administration. It is not a draw. Does it come out dollar for dollar, say, as it would in your checking account? Only in the sense of the form of the payment of those benefits, if I believe I hear what you are saying, Your Honor. It is a pay-as-you-go system in one sense. But the deeper picture is that the money itself is like the funds of any trust held solely for the benefit of the people for whom the trust was created. And the people for whom that trust was created are the people of the United States. I know that there was a recent decision that opposing counsel cited to the court by a letter comparing the Social Security benefits to a draw on a bank. And I think it is, again, the nature of the Social Security Administration compared to the nature of a banking institution that makes a difference in this case. This case would have seemed to have been more favorable to your client's position than what we have here because your bank account has your name on it. It is not going to have funds in there that did not come from you. But yet the Supreme Court said that the bank had rights to that. And it seems like you are a step or two farther removed from that situation here. I agree, Your Honor. And I think that... Well, if you lost in the bank case, how can you win here? The difference lies in the nature of the agreement that a depositor has with a bank, which is I sign an agreement. I'm going to let you hold my money. I know that you're going to take my money and do other things with it. You're going to invest that money. You're going to go elsewhere with it. I let you use it. And I agree to let you do that when I put my money in the bank. That's not the case with benefits of the Social Security Administration. When my money comes out every month to go into the Social Security Administration, I'm not telling the United States government, put that in the general fund, do whatever you want with it. I don't care whether it's there when I'm able to retire or when my children need it or not. The problem, though, going back to Judge Agee's question, is it's not dollar for dollar and it's not, there is no match. Someone doesn't put Social Security into the trust and earmark it. It doesn't come out. There's no correlation between what goes in necessarily and what comes out. In fact, the Social Security can accept other funds, gifts. So there's no match and it is backstopped by the Treasury. So that's why I'm having a little trouble, actually a lot of trouble with the suggestion that it isn't government property. I understand, Your Honor. And now I think I more clearly understand your question. Indeed, it is not that money with my name is earmarked for me from the time I put it into, pay it into the Social Security Administration until perhaps down the road I draw. I may never draw on it. I may not retire. I may not, for whatever reason. But it is the system itself is created. But to pursue that, it's not just that you may never draw on it. You have no control over who will draw on what you paid in that you don't utilize. Correct. Correct. Because it is a system that was established to provide for the overall benefit of the American people. It was set up to provide old age benefits, disability benefits, survivor benefits. And for that money then to be there requires that it be secured and protected in some way. And the way that it was set up and protected is via the trust that was created so that the money sits in the trust. The securities are invested. The interest from those securities goes back into the fund. If the issue were as simple as does the money, does a check come from the U.S. government, I don't think I would be here today. Because clearly what happened here was that there were benefits that were paid from the Social Security Administration to Marcel Chiesa on behalf of these two minor children. But it is a broader, deeper issue as to whether those funds that were set aside and remain set aside, if the United States government wants to use any of those funds, they have to get permission from Congress in order to borrow from the Social Security Administration funds. If it were funds that were simply straight-up government money, the United States government itself wouldn't have to ask permission to use it. The government would simply use it. So you're saying, Ms. Warner, then you simply disagree with the Eighth Circuit's reasoning? That is correct, Your Honor. I do. They were satisfied that the trust fund was not fully independent of the general revenues of the United States Treasury. Right. How do you take issue with that? I think there was an incorrect understanding of where the funds came from for the benefits, which is I think the Eighth Circuit thought that the Social Security Administration funds are held in the general fund of the United States exclusively and not in this separate trust. And I believe the court there also looked at the nature of somewhat of the Social Security Administration, which itself describes itself as being two things, as being an accounting mechanism. Obviously, there's a way to get this money from the payroll taxes to individuals who then later qualify for benefits. And they're a depository. Want to stop because I sense a question? That's very thoughtful. Usually people wait until I blurt things out. I would rather hear it now, Your Honor. The reason I was looking askance is that it seemed to me that in point of fact the Eighth Circuit did clearly recognize the distinction between trust funds and the general revenue of the United States. It simply said that for purposes of the analogy, the distinction was artificial. You suggested that they didn't understand it. And it seemed to me that indeed they did. They just characterized it differently than you would. Right. And I think that comes down to an issue as to whether we're talking about a trust, and trust law is vastly developed in other areas. And if trust law applies here, if there is a trust that was created for the benefit of Americans when they reach old age or have died, it's guided by the same rules that other trusts are. And you might trustee who, you have a trustee who manages it. The trustee has access to the accounts, can make payments from accounts, but it's not the trustee's money. And I think that is where I take issue with the Eighth Circuit and where I bring this issue before this Court today, is whose money is it? Does it remain the property of the people for whom it's held in trust? Or does it, in fact, belong to the Federal Government for its use in any way that it sees fit? If we agree with you and Mr. Kaisa's conviction is dismissed, is reversed and dismissed, what about the next person who comes along? Are you saying that person can't be convicted of any crime whatsoever because there is no owner of the present owner of the property? No, I'm not saying that because in this case we have a present owner in the sense of the children who received the benefits. And I think there are other scenarios in which, for example, the direct theft of someone's Social Security check, if they weren't doing it all by direct deposit these days, but a direct theft of a check. That check may well be a thing of value of the U.S. government. But once the benefits have been paid and received, then there is a separate issue. I'm just trying to figure out where you're going on this and whether you're saying that a new law is needed in order to prosecute this offense or that there were other ways the government could have done it, but it just didn't do it in this case. I think in Mr. Keyes' case, there might, in fact, need to be a change in the law or a revisiting of it. I also think that simply the record here didn't establish some of the information, the facts about the Social Security Administration that would be needed in order to... Well, your presentation seems to indicate that that cannot be done as a matter of law. As to this particular scenario, that indeed is my argument, Your Honor. What more would, in a case like this, what more would the government need to show in your view? I think here had the government, I'm not sure that there is something in this particular scenario that could be shown. And my question actually proceeded on that assumption because of your answer to Judge Agee. What I was asking is, in another case, what more would the government need to show? I think the government would need to show a degree of ownership and control over the funds at the time of the murder. The factual scenario is what it is, the Social Security Administration operates the way it operates. There isn't going to be anything else that the government could show in another case that would be different. On these facts and in this particular scenario, what I'm asking the Court to rule is, indeed, as a matter of law, that in this particular scenario, these were not funds of the U.S. government within the meaning of the statute. I'm going to reserve what time I have left for rebuttal, Your Honors. Ms. Mansfield? Good morning, Your Honors. May it please the Court. As Your Honors have pointed out this morning, the issue I think at the heart of this case is, who would be the owner in a case like this? And the District Court properly ruled that the Social Security benefits at issue here are a thing of value of the federal government. In this case, the entire receipt of the benefits by Mr. Kaiser was fraud. As the government proved at trial, he and nor the children for whom, on whose behalf he received the benefits, were entitled to survivor's benefits. And therefore, the Social Security Administration should have retained this money that it paid to Mr. Kaiser. He was not entitled to any of it. It was paid out of the Child Survivor's Benefits Fund, which is a program administered by the Social Security Administration. And this money came from the United States Treasury issues the money. And the program is administered by an agency of the United States that determines eligibility and oversees the funds. And as this Court has recognized, the funds come from the government and are unquestionably property of the government in that form. And so the District Court is correct that as a matter of law, the funds are government property. And much as the Eighth Circuit has recognized, the distinction between the general revenue and the trust fund is artificial in this sense. When the money is paid into the trust fund, it is administered and the programs are overseen by the United States government. What does the thing of value mean? I believe, Your Honor, in this instance, it's the money that's being paid out, that that's what a thing of value is. I think it connotes ownership, Your Honor, or a property interest in this money, much like the results, as Judge Agee discussed, of United States v. Shaw. When the bank is holding money, it has a property interest in that money. Obviously not as against the rightful owner, but the government showed at trial in this instance that Mr. Kaiser was not a rightful owner of any benefits in this case. So your argument, so your response is that it is a thing of value of the United States vis-a-vis Mr. Kaiser? Mr. Kaiser, I'm sorry? No, Your Honor. It's not necessarily vis-a-vis the children? No, Your Honor. In this instance, the children were not entitled to that money. In this case, it was a thing of value of the United States, period, because it belonged to the Social Security Administration for rightful recipients of survivors' funds, which in this instance there was not one. So would the rightful recipient of these benefits, whoever that might be, be entitled to that money? Do they have an ownership interest in the money that was deposited, or do they simply have a statutory right to benefits? I do not believe they have an ownership interest, Your Honor. When this money is given, paid, taken out of payroll taxes of workers, it goes into the program for the program to, down the road, determine who is eligible. And as Your Honors have stated, many times, for whatever reason, someone may not ever take that money back out that they've paid in. They may not retire. Excuse me. I'm sorry. So are you saying that nobody had an ownership interest at the time these funds were converted? The government, Your Honor, had an ownership interest in these funds. You're saying it was an ownership interest or a property interest? Is there a distinction between ownership interest and property interest? Yes, Your Honor. And Mr. Kaiser essentially engaged in a scheme to defraud the government of that money, which is what was shown here at trial. The reason that I'm having a little difficulty with your formulation is that you seem to proceed on the assumption that the person solely has an ownership interest or property interest, irrespective of the proper designee. And it doesn't seem to me that that can be right, as against the rightful recipient, the person who was intended to receive the funds. So it seems to me that what you have is a situation in which the United States has an ownership interest and the government has an property interest for the purposes of preserving the corpus for the persons who are entitled to receive it, but not independently of that. It sounded to me as though you didn't agree, and I'm just trying to understand that. No, I'm sorry. I don't think I disagree with Your Honor. That, correct, as to someone who is rightfully paid in and rightfully entitled to a benefit of that program, the government does not have an ownership interest over that person, which was obviously not the case here, as to Mr. Kaiser or the children, because as the evidence showed, these children were not entitled to these specific benefits of this program. And additionally, Your Honor. Does the person who paid in and who is then going to receive benefits at some later point, do they, I guess I'm confused by your last answer, do they have an ownership interest in the funds that are held in the Social Security Administration's trust accounts? I guess to answer Your Honor's question. It's not a dollar-for-dollar exchange. That's correct, Your Honor. I think, I do not believe they have an ownership interest in every dollar that they have paid in. I believe if the circumstances arose where that individual was entitled to some kind of payout, for instance, a retirement, Social Security benefits, or survivor's benefits, they would have an ownership interest in that, for those particular payments, against the United States government. But I do not believe that the individuals paying funds in, as a matter of law, have an ownership interest generally in the fund, because that is money that the government is now overseeing and dispersing to individuals who are entitled to these payments. And in this instance, these funds were administered directly to Mr. Kaiser from the Social Security Administration. And the Administration, he filled out eligibility forms with them. He filled out representative payee forms, accounting back to the Social Security Administration for how he used this money. I think it is clear on this record that, as a matter of law, these funds are property of the United States. I can address, as well, the issue with the cross-examination of Mr. Bubongi here. The District Court did not abuse its discretion in limiting the issues on which the defense could cross-examine Mr. Bubongi. In this case, the defendant asked Mr. Bubongi specifically whether he was aware that agents had spoken to his sister, Afia Kiza. And the defendant indicated, excuse me, Mr. Bubongi indicated to defense counsel that he was not aware of that, and that he knew that agents came to his home, but his sister does not live with him. So in this instance, when defense counsel then attempted to ask the question regarding deportation, they did not lay a proper record that Mr. Bubongi had any knowledge that agents had even spoken to his sister, much less that that event led to a deportation. And as the District Court recognized at trial, this would have been a confusing issue to the jury to trying to establish Mr. Bubongi's bias in this case. There was no record he was even aware his sister had been spoken to. And even if he were, that it created bias is speculation on this record to the part of the defense. And therefore, it was within the discretion of the District Court to limit that cross-examination. And as the government pointed out in its brief, even if this court disagrees, the error is clearly harmless on this record, as the evidence, other evidence at trial overwhelmingly proved that Mr. Kaisa engaged in this fraud to receive money he was not entitled to from the Social Security Administration. If your honors have no further questions, I will reserve the remainder of my time, not reserve, excuse me, submit the remainder of my time to the Court. Thank you. Ms. Warner, you have some time reserved for rebuttal. Please. I would like to address two points on rebuttal. The first is who has a property interest and who has an ownership interest in these Social Security Administration benefits. I think that there is a difference. And I think that the United States government clearly has a property interest, as I believe you said, Judge Duncan, to preserve the corpus of the money that is in this trust to provide benefits down the road. There is, however, a separate interest from the people who paid into the system. And while it may not be an individual, one person who has that interest, there is a group of people, the people who pay into the system, the United States, the people of the United States, who have an interest in that money. Their interest, it may be dual property interests. It's a fine line as to ownership of the funds. But I think more than one party here has an interest in those funds. And that is why this property here may not be a thing of value of the U.S. government alone. It is also a thing of value to the people who have paid into the system. And I certainly take your point, it's just that Mr. Kaiser fits in neither of those groups. He stands in the shoes, I think for purposes of the argument here, as the recipient on behalf of the children, he stands in the shoes of the children who then receive the benefits. And opposing counsel said many times that this was, you know, there was no rightful receipt here, there's no rightful beneficiary, and I believe that's the issue that's before the court today, is whether Mr. Kiesa did defraud the Social Security Administration, as the jury found, presented a false claim for benefits, saying that the children were the children of his deceased brother and not his own children, or whether the evidence did not prove that as was required. If there are any further questions from the court as to the Social Security issue or the other issues raised, I'd be happy to answer them, otherwise I'll rest on the brief for the remainder of the argument. Thank you very much. And the court notes, we note that you are court appointed, so we would like to thank you very much for your service to your client and to the court. Thank you, Your Honor.
judges: Allyson K. Duncan, G. Steven Agee, Barbara Milano Keenan